UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LESTER RIGGINS**                                                                                                   **PLAINTIFF**

v.                                                                                   CIVIL ACTION NO. 5:21-CV-P104-JHM

**CHRISTIAN COUNTY, KENTUCKY et al.**                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion for summary judgment filed by the Christian County Jail (CCJ) Defendants: Christian County, former Jailer Brad Boyd, Colonel Steve Howard, Captain Davy Burd, Lt. Caleb Hargrove, and Captain Wesley Campbell (DN 150). *Pro se* Plaintiff Lester Riggins has responded (DN 161), and the CCJ Defendants have replied (DN 162).[1] The matter being ripe, the Court considers the motion.

**I.**

The issues in this litigation arise from Plaintiff's detention as a pretrial detainee at the CCJ. On initial review (DNs 12 and 46) of the complaint (DN 1) and amended complaint (DN 55)[2] under 28 U.S.C. § 1915A, the Court allowed the following claims relevant to the CCJ Defendants to go forward: (1) Plaintiff's Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) claims against Christian County for keeping him in isolation without bedding or his cane and denying him any "mental-medical care" for a period of months; (2) Plaintiff's claims against Christian County related to its failure to train employees; (3) Plaintiff's Fourteenth Amendment deliberate-indifference claims against Christian County related to being kept in isolation with no bed linens or cane; and (4) Plaintiff's Fourteenth

---

[1] The Court provided Plaintiff guidance for responding to the motion for summary judgment and an opportunity to supplement or replace his response to the motion for summary judgment. DN 165. Plaintiff did not do so.

[2] The amended complaint named Defendants Howard, Boyd, Burd, Campbell, and Hargrove in their individual capacities for monetary and punitive damages.

Amendment claims against Defendants Howard, Boyd, Burd, Campbell, and Hargrove regarding the conditions of his confinement, *i.e.*, being kept in isolation with no bed linens or cane and with no welfare checks of his mental health.

## II.

### A. Summary judgment standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge its burden by demonstrating the absence of evidence to support an essential element of the nonmoving party's case. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

### B. The CCJ Defendants' motion for summary judgment (DN 150)

*1. Exhaustion*

The Prison Litigation Reform Act (PLRA) requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). A plaintiff must "make 'affirmative efforts to comply with the administrative procedures.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cnty.*, 636 F.3d 218, 223–24 (6th Cir. 2011)).

"Because defendants carry the burden of proof for exhaustion, they bear an initial summary judgment burden that is higher in that they must show that the record contains evidence satisfying their burden of persuasion and that no reasonable jury would be free to disbelieve it." *Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023) (internal quotation marks, brackets, and citations omitted). If the Court finds that Defendants have satisfied their burden of establishing Plaintiff's failure to exhaust his administrative remedies before initiating this action, the burden shifts to Plaintiff to identify specific facts indicating a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

In their summary-judgment motion, the CCJ Defendants first argue that Plaintiff's ADA/RA claims based on his time in isolation are barred by the PLRA's exhaustion requirement because, according to them, he did not file any grievance regarding this issue and, in fact, the only issue he grieved was the removal of his bedding during his disciplinary segregation. DN 150-1, PageID # 2583.

Plaintiff's response (DN 161), which he titles an "objection," is sworn to be true under penalty of perjury.[3] DN 161, PageID # 2702. Plaintiff states that he "submitted . . . grievances detailing his suffering, but all were ignored." *Id*. at PageID # 2700. Exhibit D to his response consists of handwritten grievance documents.[4] DN 161-1, PageID # 2715-18.

In reply (DN 162), the CCJ Defendants object to Plaintiff's response being titled an objection and to Plaintiff's statement as to when it was mailed. DN 162, PageID # 2719. They waive their objections, however, because Plaintiff admits in his response that he refused medical treatment offered by jail deputies. *Id*. They do not address Plaintiff's assertion that he did file grievances or the handwritten copies of grievances attached to his response.

The grievance documents which Plaintiff attaches to his response do not indicate the date they were written. DN 161-1, PageID # 2715-18. One, labeled "First Attempt," states that Plaintiff wanted a written explanation as to why he was denied bedding and a mat while he was housed in disciplinary isolation. It references both the ADA and his civil rights. *Id*. at PageID # 2715. The next two state that he is again attempting to obtain a written explanation as to why he was deprived of bedding because he did not receive any response to his first attempt. *Id*. at

---

[3] In a summary-judgment proceeding, an affidavit must either be sworn to before an officer authorized to administer an oath, such as a notary public, or be a declaration which is dated and signed and subjects the declarant to penalties of perjury. *See, e.g.*, *Stone v. Perry*, No. 1:10-CV-423, 2011 WL 1753547, at *4 (W.D. Mich. Jan. 18, 2011) (citations omitted), *report and recommendation adopted*, No. 1:10-CV-423, 2011 WL 1750297 (W.D. Mich. May 9, 2011). "A litigant may controvert sworn affidavits and place material facts into dispute by submitting an unsworn statement that is subscribed by him as being true under penalty of perjury." *Prince v. Nichols*, 188 F.3d 508 (6th Cir. 1999) (citing 28 U.S.C. § 1746).

[4] These handwritten grievances were attached to Plaintiff's prior filing titled a "motion for duty to disclose" (DN 71). In response to that motion, Defendants argued that Plaintiff should not be allowed to submit his handwritten grievances into the record as evidence because "Plaintiff's admitted practice of making and submitting as evidence his own handwritten 'copies' of documents raises questions of authenticity, accuracy, and existence of purported originals" (DN 77). The Court denied Plaintiff's "motion for duty to disclose," explaining that the motion was not the proper vehicle to introduce evidence into the record and that the Court would not consider the exhibits until they were "attached to an appropriate motion or response to a motion or unless they are properly submitted as evidence during trial, should a trial be held" (DN 79, PageID # 470). The Court considers them now as they are appropriately attached to his summary-judgment response.

PageID # 2716-17. Plaintiff also attaches a handwritten document titled "Grievance" which states:

> I have submitted numerous sick call slips to medical about my health problems and back issue while in the hole. I have been kept here over 6 months without seeing any medical staff or mental health professional. . . I am having problem with my depression for being here for so long. I suffer from PTSD and depression. I've requested for medical attention are being ignored or not given to medical. Either way I have repeatedly ask[ed] to speak with Cpt Burd who also ignores my request. No previous grievances has been answered.

*Id*. at PageID # 2718.

Here, Plaintiff's statement in his sworn response that he submitted these grievances, though self-serving, is sufficient to create a genuine issue of material fact even were the Court to discount Plaintiff's handwritten copies of his grievances. *See Lamb v. Kendrick*, 52 F.4th 286, 296 (6th Cir. 2022) (holding that a "prisoner's sworn affidavit, standing alone, may create a genuine dispute of material fact that forecloses summary judgment on exhaustion even if the record lacks corroborating evidence," and even if it is self-serving). Accordingly, the Court will not grant summary judgment on the issue of exhaustion.[5]

### 2. § 1997e(e)

The CCJ Defendants contend that because Plaintiff alleges only pain from not having a mat during a portion of each of the 14-day disciplinary period, and because his other claims assert only mental injury, he does not satisfy the provision of the PLRA mandating a showing of physical injury. DN 150-1, PageID # 2586-87 (citing 42 U.S.C. § 1997e(e)).

Section 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]"

---

[5] The CCJ Defendants do not argue that Plaintiff failed to exhaust any of his other claims.

However, § 1997e(e) "does not bar claims for constitutional injury that do not also involve physical injury." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015).  It merely limits the type of relief a plaintiff can receive.  *Small v. Brock*, 963 F.3d 539, 543 (6th Cir. 2020).  Thus, in so far as Plaintiff "seeks forms of relief other than compensatory damages, his case may proceed." *Id*. (citing *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019) (suggesting that § 1997e(e) allows prisoners to seek nominal and punitive damages, as well as injunctive relief, for alleged Eighth Amendment violations).  The Court notes that it allowed claims against Defendants Howard, Boyd, Burd, Campbell, and Hargrove in their individual capacities for punitive damages as well as compensatory damages to continue.  DN 46, PageID # 237.  The Court will deny the CCJ Defendants' summary-judgment motion in this regard.

### 3. Failure-to-train claim

Plaintiff alleged that the CCH Defendants failed to properly supervise and train CCJ personnel but provided no specifics.  DN 1, PageID # 13.  Despite the complaint having been sworn to under penalty of perjury, it is not enough to survive summary judgment.  "Once the moving party has identified what it believes shows an absence of a genuine dispute of material fact, the nonmoving party must 'go beyond the pleadings and by h[is] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013) (quoting *Celotex*).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).  Plaintiff may demonstrate that Christian County was deliberately indifferent

by showing that it either (1) "failed to act 'in response to repeated complaints of constitutional violations by its officers,' . . . such that it 'was clearly on notice that the training in this particular area was deficient and likely to cause injury,'" *Ouza v. City of Dearborn Heights, Mich.*, 969 F.3d 265, 287 (6th Cir. 2020) (quoting *Cherrington v. Skeeter*, 344 F.3d 631, 646 (6th Cir. 2003)); or (2) failed to train its personnel when the need for training "[was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

In a failure-to-train claim, the plaintiff's injury must be a "highly predictable consequence" of inadequate training. *See Connick*, 563 U.S. at 64 (internal citation omitted). "[F]ailure-to-train claims are notoriously difficult to prove." *Green v. Tennessee*, No. 3:17-CV-01293, 2020 WL 6874946, at *6 (M.D. Tenn. Nov. 23, 2020). The Supreme Court has held that a government entity's "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 60.

Plaintiff's failure-to-train allegation in the complaint is entirely conclusory, and Plaintiff has not produced any specific facts at the summary-judgment stage of a failure to train. Where, as here, the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The CCJ Defendants are entitled to summary judgment on this claim.

*4. Affidavit of current jailer*

The remainder of Defendants' argument relies heavily on the affidavit of the CCJ's current jailer Brad Hewell, which they attach to their motion. In fact, other than a copy of the CCJ's grievance policy, they attach no other evidentiary support to their motion.

In his response, Plaintiff takes issue with Hewell's affidavit. DN 161, PageID # 2700. Plaintiff explains that Hewell did not become Jailer until less than a month before Plaintiff left the CCJ, and, therefore, Plaintiff argues, the affidavit was not made on first-hand knowledge. *Id*. According to Plaintiff, before becoming the jailer, Hewell supervised the inmate work crew and "was not in a position that he would have know[n] of Plaintiff." *Id*. The CCJ Defendants' reply does not address Plaintiff's argument as to the deficiency of Hewell's affidavit and does not have any exhibits attached to it.

Hewell's affidavit states that he has reviewed the CCJ records and that "the following facts are *true and correct to the best of my knowledge and belief*." DN 150-3, PageID # 2596 (emphasis added). At the beginning of the affidavit, he avers that the CCJ's "records indicate the following," However, it is not clear for much of the affidavit whether Hewell is relying on his review of the CCJ records for the statements in the affidavit. For example, he states, "Persons with physical handicaps are ordinarily placed in" the medical cell, i*d*. at PageID # 2597, and, "At the end of the 14-day period, the bedding would have no longer been removed from [Plaintiff's] cell and would have remained there throughout the day." *Id*. at PageID # 2598.

The Federal Rules of Civil Procedure provide that a party may rely on an affidavit to establish a genuine dispute of fact, so long as the affidavit is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Consistent with

8

Rule 56(c)(4) and its predecessor Rule 56(e)(1), courts have applied a strict personal-knowledge requirement to affidavits submitted in summary-judgment proceedings, and affidavits such as Hewell's which contain qualifiers such as "to the best of my knowledge" do not establish specific personal knowledge. *See, e.g.*, *Totman v. Louisville Jefferson Cnty. Metro Gov't*, 391 F. App'x 454, 464 (6th Cir. 2010) ("Totman verifies that his first amended complaint 'is true and correct to the best of [his] knowledge and belief,' which indicates that the allegations of the complaint go beyond Totman's personal knowledge and extend to matters within Totman's belief. His beliefs, however, do not meet the evidentiary standard set forth in Rule 56(e)(1) of the Federal Rules of Civil Procedure."); *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (holding that the affiant's "statement . . . based upon his 'belief'. . . did not demonstrate the personal knowledge required by [Rule] 56(e)").

Further, although "[p]ersonal knowledge can come from review of the contents of business records, and an affiant may testify to acts that []he did not personally observe but which are described in business records," an affiant may not simply rely on the court to infer from his job title that he has certain responsibilities which would provide the requisite knowledge upon which the business records exception would apply. *AT&T Corp. v. Overdrive, Inc.*, No. 1:05CV1904, 2006 WL 3392746, at *2 (N.D. Ohio Nov. 21, 2006) (citations omitted). Here, Hewell's affidavit simply identifies him as the Christian County Jailer, does not state when he became the jailer, or what his job responsibilities are.

Accordingly, the Court will deny the remainder of the CCJ Defendants' summary-judgment motion without prejudice to filing a properly supported motion. *See, e.g.*, *McCluskey v. PrimeCare Med., Inc.*, No. 05-CV-052-JD, 2006 WL 1134916, at *3 (D.N.H. Apr. 25, 2006) (court's decision to not parse through affidavit to find statements apparently based on personal

9

knowledge that would be competent for summary-judgment purposes and the affidavit's lack of record citations and lack of copies of the pertinent records lead court to deny summary judgment without prejudice to refiling a properly supported motion).

### III.

For the foregoing reasons,

**IT IS ORDERED** that the CCJ Defendants' motion for summary judgment (DN 150) is **GRANTED** with regard to the failure-to-train claim and **DENIED** with regard to the CCJ Defendants' arguments related to exhaustion and 42 U.S.C. § 1997e(e).

**IT IS FURTHER ORDERED** that the remainder of the CCJ Defendants' arguments are **DENIED without prejudice** to refiling a properly supported motion for summary judgment.

Date: September 21, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
       Counsel of record
4414.009